UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
MED-ASIA SHIPPING LIMITED

        Plaintiff,

                                              07 CIV 6258 (LTS) (AJP)

OCEANIC BRIDGE INTERNATIONAL,
INC., d/b/a OCEANIC BRIDGE INTL, INC.
DALIAN BRANCH, a/k/a DALIAN
OCEANICBRIDGE INTERNATIONAL
FORWARDING CO., LTD.,

        Defendants.
--------------------------------------------------------x

**DEFENDANT OCEANIC BRIDGE INTERNATIONAL INC.'S**
**MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION**
**TO VACATE THE ATTACHMENTS AND**
**TO DISMISS THE AMENDED COMPLAINT**

                              NICOLETTI HORNIG & SWEENEY
                              Wall Street Plaza
                              88 Pine Street, 7th Floor
                              New York, New York 10005-1801
                              Tel: (212) 220-3830
                              Fax: (212) 220-3780

                              *Attorneys for Defendant*
                              *OCEANIC BRIDGE INTERNATIONAL INC.*

Of Counsel

    James F. Sweeney

# TABLE OF AUTHORITIES

**Cases**

In re Holborn Oil Trading, Ltd.,
  774 F.Supp. 840 (S.D.N.Y. 1991) .................................................................................. 2, 3

MAG Portfolio Consultant, GMBH v. Merlin Biomed Group, LLC,
  268 F.3d 58 (2d Cir. 2001) ................................................................................................ 3

Murray v. Miner, 74 F.3d 402 (2d Cir. 1996). ..................................................................... 2

Transportes Navieros y Terrestes, S.A. de D.V. v. Fairmount Heavy Transp. N.V.,
  No. 07-CV-3076, 2007 WL 1989309 (S.D.N.Y. July 6, 2007) ....................................... 3

Wajilam Exps. (Singapore) Pte. Ltd. v. ATL Shipping Ltd.,
  475 F.Supp.2d 275 (S.D.N.Y.) .......................................................................................... 3

**Statutes**

Fed. R. Civ. Proc. 12 ........................................................................................................ 4, 5

Fed. R. Civ. P. Supp. R. E ................................................................................................ 3, 5

## PRELIMINARY STATEMENT

Because it is not the *alter ego* of Dalian Ocean Bridge International Forwarding Co. Ltd. ("Dalian"), Defendant Oceanic Bridge International Inc. ("OB") moves under Supplemental Admiralty Rule E (4) (f) to vacate the attachments of certain electronic funds transfers. OB also moves under Rules 12 (b) (2) and (6) to dismiss the Complaint.

## ARGUMENT

In its Complaint, Plaintiff Med-Asia Shipping Limited seeks $1,310,680.00 in monetary security in respect of certain Hong Kong arbitration proceedings that it has commenced against Dalian. (Complaint ¶¶ 23, 34, 47 and <u>ad damnum</u> clause). In so doing, Plaintiff falsely alleges that OB is the *alter ego* of Dalian. (Complaint ¶¶ 8-14 and 50):

> 50. At all material times, defendant Dalian i) was a wholly owned dedicated office of OB; ii) acted as a partner and/or joint venturer in the contracts described above herein, with OB; iii) has no assets, or has insufficient assets, to pay its creditors for services, obligations, undertakings, liabilities, and or all other debts contracted for, except by OB; iv) used or uses OB to hold its assets and make payments for and on its behalf, all for the purpose of hindering and avoiding Dalian's creditors; v) intermingled or commingled its funds and assets with OB; vi) is the alter ego of OB; and vii) is a shell corporation which acts through others, including OB, which dominates and controls Dalian for OB's purposes, in disregard of corporate formalities and corporate separation, all for the purpose of hindering and avoiding Dalian's creditors.

Based on this false premise, the Complaint seeks attachment of, and has improperly attached (pursuant to an Order of this Court dated July 6, 2007 – Exhibit 1

annexed to the Affidavit of James F. Sweeney) some $144,889.00 of electronic funds transfers, which belong to, and are the assets of, OB.

While OB is a forty (40%) percent shareholder of Dalian, because OB is not in fact or at law, the *alter ego* of Dalian, and because the separate corporate identities of each have been duly respected and maintained, no grounds or bases exist for plaintiff to now blithely disregard corporate distinctions and/or to "pierce the corporate veil" herein. OB is not liable for the debts or obligations of Dalian. Accordingly, and because the plaintiff's Complaint alleges no direct (as opposed to vicarious) claim against OB, the assets of OB should never have been attached. The attachments and Order of Attachment as against OB's assets should thus be vacated and the Complaint, as against OB, should be dismissed for failure to state a claim.

"Under the doctrine of limited liability, a corporate entity is liable for the acts of a separate, related entity only under extraordinary circumstances, commonly referred to as piercing the corporate veil." Murray v. Miner, 74 F.3d 402, 404 (2d Cir. 1996). "Federal courts sitting in admiralty must apply federal common law when examining corporate identity." In re Holborn Oil Trading, Ltd., 774 F.Supp. 840, 844 (S.D.N.Y. 1991) (citations omitted). "Federal common law in the Second Circuit involves a two pronged test for piercing the corporate veil: the party sought to be charged must have used its *alter ego* 'to perpetrate a fraud or have so dominated and disregarded [its *alter ego's*] corporate form' that the *alter ego* was actually carrying on the controlling party's business instead of its own." Id. (quoting Kirno Hill Corp. v. Holt, 618 F.2d 982, 985 (2d Cir. 19980)). Thus, there are two distinct theories under which a maritime

2

plaintiff may pierce the corporate veil: fraud and *alter ego*. See Kirno Hill, 618 F.2d at 985; Holborn, 774 F.Supp. at 844.

The Second Circuit has identified a number of factors that are relevant in evaluating such *alter ego* claims: (1) disregard of corporate formalities; (2) inadequate capitalization; (3) intermingling of funds; (4) overlap in ownership, officers, directors, and personnel; (5) common office space, address and telephone numbers of corporate entities; (6) the degree of discretion shown by the allegedly dominated corporation; (7) whether the dealings between the entities are at arms length; (8) whether the corporations are treated as independent profit centers; (9) payment or guarantee of the corporation's debts by the dominating entity, and (10) intermingling of property between the entities. See MAG Portfolio Consultant, GMBH v. Merlin Biomed Group, LLC, 268 F.3d 58, 63 (2d Cir. 2001); Holborn, 774 F.Supp. at 844 (applying these factors in the admiralty context); Wajilam Exps. (Singapore) Pte. Ltd. v. ATL Shipping Ltd., 475 F.Supp.2d 275, 284-85 (S.D.N.Y.) (same).

Here, apart from the unfounded conclusory allegations in Plaintiff's Complaint, there is nothing to even remotely suggest that OB is Dalian's *alter ego*. In a motion to vacate an attachment such as this, the plaintiff who obtained the attachment bears the burden to show that the attachment should not be vacated. *See* Fed. R. Civ. Pro. Supp. Rule E (4) (f); Transportes Navieros y Terrestes, S.A. de D.V. v. Fairmount Heavy Transp. N.V., No. 07-CV-3076, 2007 WL 1989309, at *3 (S.D.N.Y. July 6, 2007). Indeed, the accompanying sworn Declarations of Tong Tang and Ma Lijun (Exhibits 2 and 3, respectively, attached to the Affidavit of James F. Sweeney), unequivocally establish the opposite — that there is no *alter ego* relationship. OB and Dalian have duly

3

respected their separate and distinct corporate identities, and as such, there are no grounds to "pierce the corporate veil."

The accompanying Tong Tang and Ma Lijun Declarations mutually confirm that the respective corporate formalities have not been disregarded, but have been honored; that Dalian has not been under-capitalized, but has a registered capital of $1,840,000.00. (See "Certificate of Approval/Corporate Person Business License" attached as Ex. A to Ma Lijun Declaration); that no OB and/or Dalian funds have been commingled; that apart from a common President/director, there is no common personnel, directorate or officers; that OB and Dalian share no common office space, address, telephone or telefax numbers; that Dalian acts of its own corporate discretion, separate and apart from OB; that any and all dealings between OB and Dalian are conducted "at arm's-length," respecting the separate and distinct corporate identities; that OB and Dalian are each autonomous and independent profit centers; that OB neither pays nor guarantees the debts of Dalian; and that OB and Dalian do not intermingle their respective property or assets.

Accordingly, there are no grounds to justify the attachment or continued attachment of OB's assets and therefore, this Court's July 6, 2007 Order should be vacated forthwith.

In the same vein, and because plaintiff cannot sustain its claim of an *alter ego* relationship, the plaintiff has failed to state a cognizable claim against OB. The Complaint should therefore be dismissed pursuant to Fed. R. Civ. P. 12 (b) (6).

At paragraph 55 of its Complaint, plaintiff alleges that OB cannot be found within the District. As such, plaintiff admits that this Court has no *in personam*

jurisdiction over the person of Defendant OB. The Complaint should therefore be dismissed pursuant to Fed. R. Civ. P. 12 (b) (2).

## CONCLUSION

For all of the foregoing reasons and because this defendant is not an *alter ego*, this Court should vacate the attachments herein pursuant to Rule E (4) (f) of the Supplemental Rules and dismiss the Complaint pursuant to Rules 12 (b) (2) and (6) of the Federal Rules of Civil Procedure.

Dated: New York, New York
August 6, 2007

                NICOLETTI HORNIG & SWEENEY
                Attorneys for Defendant
                *OCEANIC BRIDGE INTERNATIONAL INC.*

                By: _____
                James R. Sweeney (JFS-7745)
                Wall Street Plaza
                88 Pine Street, 7th Floor
                New York, New York 10005-1801
                Telephone No.: (212) 220-3830
                Facsimile No.: (212) 220-3784
                E-mail: jsweeney@nicolettihornig.com
                (FILE NO.: 99000003 JFS)

TO:

Richard A. Zimmerman, Esq.
Suite 2202
233 Broadway
New York, New York 10279
Attorneys for Plaintiff

Case 2:07-cv-06258-LTS   Document 8   Filed 08/06/2007   Page 8 of 8

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF NEW YORK)

SALMA ABDALLAH, being duly sworn, deposes and says:

1. I am employed by the firm of NICOLETTI HORNIG & SWEENEY, attorneys for Defendant OCEANIC BRIDGE INTERNATIONAL INC. I am not a party to this action, am over 18 years of age, and reside in Brooklyn, New York.

2. On August 6, 2007, I served the annexed **Defendant Oceanic Bridge International Inc.'s Memorandum of law in Support of its Motion To Vacate the Attachments and To Dismiss the Amended Complaint** upon the following:

> Richard A. Zimmerman, Esq.
> Suite 2202
> 233 Broadway
> New York, New York 10279
> Attorneys for Plaintiff

at the address(es) designated by said attorney(s) for that purpose, by depositing true copy(ies) of same enclosed in postpaid, properly addressed wrapper(s) in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

_____
SALMA ABDALLAH

Sworn to before me this
6th day of August, 2007

_____
Notary Public

MARY ANN RAARUP
Notary Public, State of New York
No. 01RA4874099
Qualified in Suffolk County
Certificate filed in New York County
Commission Expires Oct. 20, 20_10_