UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MED-ASIA SHIPPING LIMITED

      Plaintiff,

OCEANIC BRIDGE INTERNATIONAL,
INC., d/b/a OCEANIC BRIDGE INTL, INC.
DALIAN BRANCH, a/k/a DALIAN
OCEANICBRIDGE INTERNATIONAL
FORWARDING CO., LTD.,

      Defendants,
------------------------------------------------------------x

07 CIV 6258 (LTS) (AJP)

**DECLARATION OF**
**PATRICK C. CRILLEY**

Pursuant to 28 U.S.C. §1746, Patrick C. Crilley declares as follows:-

1. I am an attorney at law, duly admitted to practice before this Honorable Court.

2. I make this declaration in opposition of Defendant Oceanic Bridge International Inc.'s motion to vacate the attachments and dismiss the Verified Complaint.

3. Attached hereto as Exhibit A is a true and correct copy of the Verified Complaint filed on July 6, 2007.

4. Attached hereto as Exhibit B is a true and correct copy of the Writ of Attachment issued in this action on July 6, 2007.

5. The Writ of Attachment was initially served upon 13 banks in New York, commencing on July 7, 2007 and has been served continuously on a daily basis, every business day, since the initial service.

6. To date property of the named Defendants found in this District has been restrained in New York banks as follows:

    a. $74,907.00 restrained on July 13, 2007 – beneficiary Oceanic Bridge.

    b. $69,982.00 restrained on July 17, 2007 - beneficiary Oceanic Bridge

    c. $ 8,250.00 restrained on July 18, 2007 - beneficiary Dalian Oceanic

    d. $ 7,130.00 restrained on July 21, 2007 - beneficiary Dalian Oceanic

7. No further funds have been restrained since July 21, 2007.

8. The total amount restrained by virtue of the writ of attachment issuing in this action to date is $160,269.00.

9. I declare under penalty of perjury that the foregoing is true and correct.

Patrick C. Crilley (PC 9057)
Executed on: 18 September 2007
New York, New York

**Exhibit "A"**

07 CV 6258

Richard A. Zimmerman, Esq.
Attorney for Plaintiff
233 Broadway – Suite 2202
New York, NY 10279
Richard A. Zimmerman (RZ 0963)
Patrick C. Crilley (PC 9057)
(212) 962 -1818

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

MED-ASIA SHIPPING LIMITED

               Plaintiff,

     -against-

OCEANIC BRIDGE INTERNATIONAL,
INC., d/b/a OCEANIC BRIDGE INTL INC.
DALIAN BRANCH, a/k/a DALIAN
OCEANICBRIDGE INTERNATIONAL
FORWARDING CO., LTD.,

               Defendants.
------------------------------------------------------------x

ECF CASE

07 Civ_____

**VERIFIED COMPLAINT**

[RECEIVED JUL 0 6 2007 U.S.D.C. S.D.N.Y. CASHIERS]

     Plaintiff, MED-ASIA SHIPPING LIMITED ("MED-ASIA"), by its attorneys, Richard A. Zimmerman, Esq., and Patrick C. Crilley, Esq., of counsel, complaining of the Defendants, OCEANIC BRIDGE INTERNATIONAL, INC. ("Oceanic Bridge"), d/b/a OCEANIC BRIDGE INTL INC. DALIAN BRANCH, a/k/a DALIAN OCEANICBRIDGE INTERNATIONAL FORWARDING CO., LTD., ("Oceanic Bridge Dalian"), alleges upon information and belief as follows:

    1.  This is a case of admiralty and maritime jurisdiction under 28 U.S.C. §1333, as hereafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. At all material times, Plaintiff was, and still is, a foreign company duly organized and operating under the laws of The Republic of Mauritius.

3. Plaintiff was, at all material times, the disponent owner of the motor vessels "ELENI K", "SEA BIRD" and "SACURA" (the "Vessels").

4. At all material times, Defendant Oceanic Bridge was, and still is, a domestic corporation organized and existing under the laws of the State of California, maintaining offices at 18725 East Gale Avenue, Suite #233, City of Industry, California 91748.

5. At all material times, Defendant Oceanic Bridge was and is a fully bonded neutral global NVOCC specializing in FCL and LCL containerization services between USA and China.

6. At all material times, Defendant Oceanic Bridge maintained "A" class forwarding licenses in all of China ports and a dedicated network of offices strategically located in major China ports.

7. At all material times, Defendant Oceanic Bridge Dalian was, and still is, a foreign corporation or other business entity organized and existing under the laws of unknown foreign jurisdiction, maintaining offices at #1802 Gold Name Commercial Tower, 68 Renmin Rd., Dalian, China 116001.

8. At all material times, defendant Oceanic Bridge Dalian was a wholly owned dedicated office of Oceanic Bridge, and hence, Oceanic Bridge should be liable to Plaintiff for all amounts claimed herein.

9. At all material times, defendant Oceanic Bridge and Oceanic Bridge Dalian acted as partners and/or joint venturers in the contracts described below herein, and, hence, as partners and/or joint venturers, each should be liable to plaintiff for all amounts claimed herein.

10. Oceanic Bridge Dalian has no assets, or has insufficient assets, to pay its creditors for services, obligations, undertakings, liabilities, and or all other debts contracted for, or by, Oceanic Bridge Dalian.

11. Oceanic Bridge Dalian uses Ocean Bridge to hold the assets of, and make payments for and on behalf of, Oceanic Bridge Dalian, all for the purpose of hindering and avoiding Oceanic Bridge Dalian's creditors, and, hence, Oceanic Bridge Dalian and Oceanic Bridge should each be liable to Plaintiff for all amounts claimed herein.

12. The assets of Oceanic Bridge Dalian and Oceanic Bridge are intermingled and, hence, each should be liable to Plaintiff for all amounts claimed herein.

13. Oceanic Bridge Dalian and Oceanic Bridge are alter egos of one another and should be held liable to Plaintiff for all amounts claimed herein.

14. Oceanic Bridge Dalian is a shell corporation which acts through others, including Oceanic Bridge, which dominates and controls Oceanic Bridge Dalian for Oceanic Bridge's purposes, in disregard of corporate formalities and corporate separation, all for the purpose of hindering and avoiding Oceanic Bridge Dalian's creditors, and, hence, Oceanic Bridge Dalian and Oceanic Bridge should each be liable to Plaintiff for all amounts claimed herein.

## AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTIONAGAINST DEFENDANT OCEANIC BRIDGE DALIAN

15. Plaintiff repeats and realleges each and every allegation as set forth in Paragraphs 1 – 14 above, with the same force and effect, and in the alternative, as if fully set forth at length herein.

16. On or about December 22, 2006, pursuant to a Fixture Note of even date, Plaintiff Med-Asia, as disponent owner, chartered the motor vessel ELENI K to Oceanic Bridge Dalian as charterers for a voyage from Xingang, Chinas to Ravenna, Italy.

17. Under the terms of the Fixture Note, Defendant Oceanic Bridge Dalian was obligated to pay $25,000 per day to Med-Asia in liquidated detention damages for any delay to the vessel arising out of Oceanic Bridge Dalian's failure to have the cargo ready to load upon the vessel's arrival at the loading port Xingang.

18. The cargo was not ready to be loaded when the vessel arrived at Xingang resulting in detention damages owed to Med-Asia in the amount $234,000.00, no part of which has been paid to Med-Asia although due demand has been made therefore.

19. Defendant Oceanic Bridge Dalian has breached the contract of the Fixture Note in failing to make the required payment for the detention charges.

20. Plaintiff has fulfilled its obligations under the Fixture Note.

21. As a result of the Defendant's breach, Plaintiff has and will continue to suffer losses on its first cause of action in the total principal sum of not less than $234,000.00, exclusive of interest, costs and reasonable attorneys' fees.

22. The Fixture Note contains an agreement to arbitrate disputes in Hong Kong under English law.

23. Despite due demand, Defendant has failed to pay or otherwise secure the Plaintiff's claim. Therefore, arbitration will soon commence, in Hong Kong, and Plaintiff reserves its right to pursue all of the remedies to which it is entitled in the Hong Kong arbitration.

24. Interest, costs and attorney's fees are routinely awarded to the prevailing party in arbitration proceedings guided by English law. As best can now be determined, Plaintiff

estimates that such interest, costs and attorneys' fees would equate to approximately $100,000.

### AS AND FOR PLAINTIFF'S SECOND CAUSE OF ACTION AGAINST DEFENDANT OCEANIC BRIDGE DALIAN

25. Plaintiff repeats and realleges each and every allegation as set forth in Paragraphs 1 – 14 above, with the same force and effect, and in the alternative, as if fully set forth at length herein.

26. On or about March 20, 2007, pursuant to a Fixture Note of even date, Plaintiff Med-Asia as disponent owner, chartered the motor vessel SEA BIRD to Oceanic Bridge Dalian as charterers for a voyage from Bayuquan China to Eurodock berth, Ravenna, Italy.

27. Under the terms of the Fixture Note, Defendant Oceanic Bridge Dalian was obligated to pay $25,000 per day to Med-Asia in liquidated detention damages for any delay caused by Charterers resulting in the vessel being unable to discharge as fast as the vessel can deliver.

28. Due to the bad stowage of the cargo in the loading port, a responsibility falling to Charterers Oceanic Bridge Dalian under the terms of the Fixture Note, the discharge of the cargo was carried out at a rate significantly slower than the customary discharging speed at the port of Ravenna, as well as incurring additional stevedoring costs.

29. As a result of the bad stowage performed by Charterers Oceanic Bridge Dalian, additional charges are due and owing from said Charterers for detention in the amount $220,000.00 and extra stevedore costs in the amount of $ 16,680 (Euros 12,000.00).

30. Defendant Oceanic Bridge Dalian has breached the contract of the Fixture Note in failing to make the required payment for these additional charges.

31. Plaintiff has fulfilled its obligations under the Fixture Note.

32. As a result of the Defendant's breach, Plaintiff has and will continue to suffer losses on its second cause of action in the total principal sum of not less than U.S.$236,680.00, exclusive of interest, costs and reasonable attorneys' fees.

33. The Fixture Note contains an agreement to arbitrate disputes in Hong Kong under English law.

34. Despite due demand, Defendant has failed to pay or otherwise secure the Plaintiff's claim. Therefore, arbitration has commenced, or will soon commence, in Hong Kong, and Plaintiff reserves its right to pursue all of the remedies to which it is entitled in the Hong Kong arbitration.

35. Interest, costs and attorney's fees are routinely awarded to the prevailing party in arbitration proceedings guided by English law. As best can now be determined, Plaintiff estimates that such interest, costs and attorneys' fees would equate to approximately $100,000.

### AS AND FOR PLAINTIFF'S THIRD CAUSE OF ACTION AGAINST DEFENDANT OCEANIC BRIDGE DALIAN

36. Plaintiff repeats and realleges each and every allegation as set forth in Paragraphs 1 – 14 above, with the same force and effect, and in the alternative, as if fully set forth at length herein.

37. On or about April 25, 2007, pursuant to a Fixture Note of even date, Plaintiff Med-Asia, as disponent owner, chartered the motor vessel SACURA to Oceanic Bridge Dalian as charterers for a voyage from Bayuquan China to Marghera, Italy.

38. Under the terms of the Fixture Note, Defendant Oceanic Bridge Dalian was obligated to pay $25,000 per day to Med-Asia in liquidated detention damages for any delay caused by Charterers resulting in the vessel being unable to discharge as fast as the vessel can deliver.

39. Due to the bad stowage of the cargo in the loading port, a responsibility falling to Charterers Oceanic Bridge Dalian under the terms of the Fixture Note, the discharge of the cargo was carried out at a rate significantly slower than the customary discharging speed at the port of Marghera, as well as incurring additional stevedoring costs.

40. As a result of the bad stowage performed by Charterers Oceanic Bridge Dalian, additional charges are due and owing from said Charterers for detention in the amount $82,000.00 and extra stevedore costs in the amount of $ 208,500.00 (Euros 150,000.00).

41. In addition to the above damages, the stevedores appointed and paid for by the Charterers were responsible for physical damages the vessel. Under the terms of the relevant Fixture Note, the Charterers Oceanic Bridge Dalian, are responsible for all stevedore damages.

42. The total amount of stevedore damages, as can best be estimated at this time, is approximately $250,000.00, for which defendant Oceanic Bridge Dalian is fully responsible and liable to Plaintiff.

43. Defendant Oceanic Bridge Dalian has breached the contract of the Fixture Note in failing to make the required payment for these additional charges of detention, extra stevedore costs, and stevedore damages.

44. Plaintiff has fulfilled its obligations under the Fixture Note.

45. As a result of the Defendant's breach, Plaintiff has and will continue to suffer losses on its third cause of action in the total principal sum of not less than U.S.$540,500.00, exclusive of interest, costs and reasonable attorneys' fees.

46. The Fixture Note contains an agreement to arbitrate disputes in Hong Kong under English law.

47. Despite due demand, Defendant has failed to pay or otherwise secure the Plaintiff's claim. Therefore, arbitration has commenced, or will soon commence, in Hong Kong, and Plaintiff reserves its right to pursue all of the remedies to which it is entitled in the Hong Kong arbitration.

48. Interest, costs and attorney's fees are routinely awarded to the prevailing party in arbitration proceedings guided by English law. As best can now be determined, Plaintiff estimates that such interest, costs and attorneys' fees would equate to approximately $100,000 considering the international complexity of the proceedings and the number of parties involved.

## AS AND FOR PLAINTIFF'S FOURTH CAUSE OF ACTION AGAINST DEFENDANT OCEANIC BRIDGE INTERNATIONAL INC.

49. Plaintiff repeats and realleges each and every allegation as set forth in Paragraphs 1 – 48 above, with the same force and effect, and in the alternative, as if fully set forth at length herein.

50. At all material times, defendant Oceanic Bridge Dalian i) was a wholly owned dedicated office of Oceanic Bridge; ii) acted as s partner and/or joint venturer in the contracts described above herein, with Oceanic Bridge; iii) has no assets, or has insufficient assets, to pay its creditors for services, obligations, undertakings, liabilities, and or all other debts contracted for, except by Oceanic Bridge; iv) used or uses Ocean

Bridge to hold its assets and make payments for and on its behalf, all for the purpose of hindering and avoiding Oceanic Bridge Dalian's creditors; v) intermingled or commingled its funds and assets with Oceanic Bridge; vi) is the alter ego of Oceanic Bridge; and vii) is a shell corporation which acts through others, including Oceanic Bridge, which dominates and controls Oceanic Bridge Dalian for Oceanic Bridge's purposes, in disregard of corporate formalities and corporate separation, all for the purpose of hindering and avoiding Oceanic Bridge Dalian's creditors.

51. For all of the above reasons Oceanic Bridge should each be liable, jointly and severally, to Plaintiff for all amounts claimed herein.

52. The above mentioned three (3) Fixture Notes, contain agreements to arbitrate disputes in Hong Kong under English law. Oceanic Bridge should be compelled to appear and defend all arbitrations of the abovementioned disputes as the principal at interest and alter ego of its wholly owned subsidiary, partner and/or joint venturer, Oceanic Bridge Dalian.

53. As a result of Defendants aforesaid breach of obligations under the aforementioned Fixture Notes, Plaintiff now estimates that it has been or will soon be damaged in the following amounts:

| | |
|---|---|
| a) Damages On its First Cause of Action | $ 234,000.00 |
| Costs of prosecuting Plaintiff's arbitration proceedings against Defendant in Hong Kong | $ 100,000.00 |
| b) Damages On its Second Cause of Action | $ 236,680.00 |
| Costs of prosecuting Plaintiff's arbitration proceedings against Defendant in Hong Kong | $ 100,000.00 |
| c) Damages On its Third Cause of Action | $ 540,000.00 |
| Costs of prosecuting Plaintiff's arbitration proceedings against Defendant in Hong Kong | $ 100,000.00 |
| Total anticipated damages     - | $1,310,680.00 |

54. As a result of Defendants aforesaid breach of obligations under the aforementioned Fixture Notes, Plaintiff now estimates that it has been or will soon be damaged in the amount of $1,310,680, on its Fourth Cause of Action against defendant Oceanic Bridge.

55. Upon information and belief, and after investigation, nether Defendant Oceanic Bridge nor Oceanic Bridge Dalian can be "found" within this District for the purpose of Rule B of the Supplemental Rules of Civil Procedure for Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendants have, or will shortly have, assets within this District comprising of, *inter alia* cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendants (hereinafter "ASSETS"), including but not limited to ASSETS at or moving through banking institutions including but not limited to The Bank of New York, Citibank N.A., HSBC Bank USA, N.A., JPMorgan Chase, UBS AG, Bank Of America, N.A., Standard Chartered Bank, Northern Trust Corporation, American Express Bank, Credit Suisse First Boston, Nordea Bank Denmark, Nordea Bank Finland PLC, Belgolaise Bank, Australia and New Zealand Banking Group Ltd., ANZ (Delaware) Inc., Fortis Financial Services LLC, Fortis (USA) Financial LLC, Calyon Corporate and Investment Bank, Deutsche Bank, the Bank of China, Danske Bank, Barclays Bank, BNP Paribas, Bangue Cantonale de Geneve, and/or Commerce Bank.

56. Based upon the foregoing, therefore, the total sum of ASSETS of Defendants sought to be attached in this action is $1,310,680.00

WHEREFORE, Plaintiff prays:

1. That process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged.

2. That if the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules of Civil Procedure, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Rules of Civil Procedure and the United States Arbitration Act, 9 U.S.C. § 8, attaching all claims, assets, cash, funds, credits, wire transfers, accounts, letters of credit, electronic funds transfers, freights, sub-freights, charter hire, sub-charter hire, or any other tangible and/or intangible assets belonging to, due, claimed by, being held for or on behalf of, or being transferred for the benefit of Defendants, including any such assets as may be in the possession, custody or control of, or being transferred through any garnishee within this District, including, without limitation, assets held by or at The Bank of New York, Citibank N.A., HSBC Bank USA, N.A., JPMorgan Chase, UBS AG, Bank Of America, N.A., Standard Chartered Bank, Northern Trust Corporation, American Express Bank, Credit Suisse First Boston, Nordea Bank Denmark, Nordea Bank Finland PLC, Belgolaise Bank, Australia and New Zealand Banking Group Ltd., ANZ (Delaware) Inc., Fortis Financial Services LLC, Fortis (USA) Financial LLC, Calyon Corporate and Investment Bank, Deutsche Bank, the Bank of China, Danske Bank, Barclays Bank, Banque Cantonale de Geneve, BNP Paribas, and/or Commerce Bank up to and including the amount of $1,310,680.00 to secure the Plaintiff's claims including interest and costs, and that all persons claiming any interest in the same be cited to appear and answer the matters alleged.

3. That Plaintiff may have judgment for its claims as aforesaid in the amount of $1,310,680.00.

4. That following any and all such attachments and garnishments, the Court stay further proceedings pending the issuance of an arbitration award, and retain jurisdiction for the purpose of entering judgment on the award against the property attached.

5. That Plaintiff may have such other, further and different relief as the Court may deem just and proper.

Dated: New York, New York
       July 6, 2007

                                      Patrick C. Crilley (PC 9057)
                                      Of Counsel to
                                      Richard A. Zimmerman (RZ 0963)
                                      Attorney for Plaintiff
                                      233 Broadway – Suite 2202
                                      New York, NY 10279
                                      (212) 619-1919

## VERIFICATION

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEWYORK      )

Patrick C. Crilley verifies the following:

1. I am an attorney and acting as such "of counsel" to Richard A. Zimmerman, the attorney for the Plaintiff herein, and make the following Verification pursuant to the Federal Rules of Civil Procedure, Supplemental Rule B, 28 USC §1746, and the Local Rules of the United States District Court for the Southern District of New York. I have read the foregoing Verified Complaint, know the contents thereof, and believe the same are true to the best of my information and belief which is based upon an examination of documents provided by Plaintiff herein.

2. The reason that this Verification is made by the undersigned rather than by Plaintiff is that Plaintiff is a foreign corporation none of whose officers or directors are within the District.

3. Deponent is authorized to make this Verification on behalf of Plaintiff.

I declare under penalty of perjury that the foregoing is true and correct.

New York, New York
Executed on the 6th day of July, 2007.

Patrick C. Crilley
233 Broadway - Suite 2202
New York, New York 10279
(212) 619-1919

Exhibit "B"

THE PRESIDENT OF THE UNITED STATES OF AMERICA

To the Marshal of the Southern District of New York (or designated process server) GREETINGS

WHEREAS a Verified Complaint has been filed in the United States District Court for the Southern District of New York on the 6th day of July, 2007 by

MED-ASIA SHIPPING LIMITED,
Plaintiff,

against

OCEANIC BRIDGE INTERNATIONAL, INC.,
d/b/a OCEANIC BRIDGE INTL INC. DALIAN BRANCH,
a/k/a DALIAN OCEANICBRIDGE INTERNATIONAL FORWARDING CO., LTD.,
Defendants

in a certain action for breach of maritime contract wherein it is alleged that there is due and owing from Defendant to the said Plaintiff the amount of $1,310,680.00 and praying for process of maritime attachment and garnishment against the said Defendant.

WHEREAS, this process is issued pursuant to such prayer and requires that a garnishee shall serve their answer, together with answers to any interrogatories served with the Complaint, within 20 days after service of process upon him and requires that a defendant shall serve his answer within 30 days after process has been executed, whether by attachment of property or service on the garnishee.

NOW THEREFORE, we do hereby command you that if the said Defendant cannot be found within the District, you attach goods and chattels to the amount sued for, and if such property cannot be found that you attach other property, credits and effects to the amount sued for in the hands of

The Bank of New York, Citibank N.A., HSBC Bank USA, N.A., JPMorgan Chase, UBS AG, Bank Of America, N.A., Standard Chartered Bank, Northern Trust Corporation, American Express Bank, Credit Suisse First Boston, Nordea Bank Denmark, Nordea Bank Finland PLC, Belgolaise Bank, Australia and New Zealand Banking Group Ltd., ANZ (Delaware) Inc., Fortis Financial Services LLC, Fortis (USA) Financial LLC, Calyon Corporate and Investment Bank, Deutsche Bank, the Bank of China, Danske Bank, Barclays Bank, BNP Paribas, Banque Cantonale de Geneve and/or Commerce Bank

AND ANY OTHER GARNISHEES UPON WHOM A COPY OF THE PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT HEREIN MAY BE SERVED,
to wit: claims, property, letters of credit, funds bills of lading, settlement agreement, or other assets in whatsoever form of

OCEANIC BRIDGE INTERNATIONAL, INC.,
OCEANIC BRIDGE INTL INC. DALIAN BRANCH,
DALIAN OCEANICBRIDGE INTERNATIONAL FORWARDING CO., LTD.,

and that you promptly after execution of this process, file the same in this Court with your return thereon.

WITNESS, the Honorable Michael B. Mukasey, Chief Judge of said Court, this ___6Th___ day of July, 2007, and of our Independence the two hundred and thirty-second year.

Richard A. Zimmerman, Esq.
Attorney for Plaintiff
233 Broadway, Ste. 2202
New York, NY 10279
(212)-962 1818

Note: *This Process is issued pursuant to Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.*

J. MICHAEL McMAHON
Clerk

By: *[signature]*

A CERTIFIED COPY
J. MICHAEL McMAHON,    CLERK

BY *[signature]*
DEPUTY CLERK