UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
MED-ASIA SHIPPING LIMITED

                       Plaintiff,

   - against -                                07 CIV 6258 (LTS) (AJP)

OCEANIC BRIDGE INTERNATIONAL,
INC., d/b/a OCEANIC BRIDGE INTL, INC.
DALIAN BRANCH, a/k/a DALIAN
OCEANICBRIDGE INTERNATIONAL
FORWARDING CO., LTD.,

                       Defendants.
--------------------------------------------------------x


**DEFENDANT OCEANIC BRIDGE INTERNATIONAL INC.'S
<u>MEMORANDUM OF LAW IN SUPPORT OF CERTIFICATION</u>**


                                                  NICOLETTI HORNIG & SWEENEY
                                                  Wall Street Plaza
                                                  88 Pine Street, 7th Floor
                                                  New York, New York 10005-1801
                                                  Tel: (212) 220-3830
                                                  Fax: (212) 220-3780

                                                  *Attorneys for Defendant*
                                                  *OCEANIC BRIDGE INTERNATIONAL INC.*


Of Counsel:

   James F. Sweeney
   William M. Fennell

**PRELIMINARY STATEMENT**

Defendant Oceanic Bridge International Inc.("Ocean Bridge") respectfully submits this Memorandum of Law in support of its motion to certify the Court's October 12, 2007 Order (Docket No. 19) (the "Order") for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). As appears from the record at the October 12, 2007, hearing held pursuant to Rule E(4)(f) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure[1] ("Admiralty Rules") and from the legal briefs and Declarations filed in connection with the Defendant's Motion to Vacate (Docket No. 7), the legal questions raised therein involve a controlling question of law as to which there is substantial ground for difference of opinion. Specifically, the legal standard cited and relied upon by the Court in denying the Defendant's motion results in a clear denial of due process. The said standard permits a party's funds (or other property) to be seized and attached based on mere allegations — which, in turn, are made only "upon information and belief." Thus, the prompt hearing that due process requires is no hearing at all because the Court's decision is preordained with the filing of the Complaint and any evidentiary proffers from Defendant are wholly irrelevant. Defendant is effectively deprived of its "day in court."

**FACTUAL BACKGROUND**

This action arises out of the alleged breach of charter party agreements (or "Fixture Notes"). Having filed a Verified Complaint alleging a (wholly specious) <u>alter ego</u> relationship, Plaintiff moved <u>ex parte</u> for an order directing the Clerk to issue writs of Maritime Attachment and Garnishment ("maritime attachments"), which the Court granted (Docket No. 4). Plaintiff thereby successfully attached various electronic fund transfers, and Defendant then moved to

---

[1] A copy of the official transcript of that hearing is attached hereto as Exhibit A.

1

vacate the attachment relying, inter alia, upon sworn Declarations that no such alter ego relationship existed.

On October 12, 2007, at a Rule E(4)(f) hearing, this Court by the Honorable United States District Judge Laura Taylor Swain filed and entered an Order denying Defendant's motion to vacate. In denying the Defendant's motion, the Court stated: "But the requirement at this stage is satisfaction and articulation of the prima facie admiralty claim and the verified complaint is itself sufficient." That standard, when applied to monies attached on naked alter ego allegations amounts to a denial of due process.

## LEGAL ARGUMENT

Oceanic Bridge submits that the Court's Order presents a controlling question of law that warrants immediate appeal. Accordingly, Oceanic Bridge requests that the Court certify its prior Order or amend its prior Order pursuant to Federal Civil Procedure Rule 60(b) to include a determination that the Order be immediately appealable pursuant to 28 U.S.C.§ 1292(b).

Section 1292(b) provides that

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

A court "may permit an interlocutory appeal if it finds that: (1) the order 'involves a controlling question of law,' (2) 'as to which there is substantial ground for difference of opinion,' and that (3) 'appeal from the order may materially advance the ultimate termination of the litigation.'" Klein v. Vision Lab Telecomm., Inc., 399 F. Supp. 2d 528, 536 (S.D.N.Y. 2005 (quoting 28 U.S.C. § 1292(b)).

2

The resolution of an issue need not necessarily terminate an action in order to be "controlling" for purposes of certification. See Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 24 (2d Cir. 1990); see also 19 James W. Moore, Moore's Federal Practice § 203.31[3] (3d ed. 2000) ("Even though a controlling question need not dispose of, but only advance the ultimate termination of, the litigation, it must nevertheless present a clear-cut question of law against a background of established facts."). The Second Circuit has held that controlling issues of law include determinations that "are likely to have precedential value for a large number of other suits . . . pending in the Southern District." Brown v. Bullock, 294 F.2d 415, 417 (2d Cir. 1961); see also Aurora Maritime Co. v. Abdullah Mohamed Fahem & Co., 890 F. Supp. 322, 329 (S.D.N.Y. 1995). "[I]n regard to the second prong, the substantial ground for a difference of opinion within the meaning of § 1292(b) must arise out of a genuine doubt as to the correct applicable legal standard that was relied on in the order." In re Worldcom, Inc., No. M-47 HB, 2003 WL 21498904, at *10-11 (S.D.N.Y. June 30, 2003) (internal quotation marks omitted). "The decision whether to grant an interlocutory appeal from a district court order lies within the district court's discretion." Consub Delaware LLC v. Schahin Engenharia Limitada, 476 F. Supp. 2d 305, 309 (S.D.N.Y. 2007).

Defendant seeks certification on the discrete issue of whether the Court's application of the prima facie standard to Plaintiff's alter ego allegations was a denial of due process. The Court used this standard to uphold the Plaintiff's maritime attachment, which had the effect of rendering the Rule E(4)(f) post-seizure hearing hollow. The Admiralty Rule E(4)(f) hearing requirement provides: "Whenever property is arrested or attached, any person claiming an interest in it shall be entitled to a prompt hearing at which the plaintiff shall be required to show why the arrest or attachment should not be vacated or other relief granted consistent with these

3

rules." Id. (emphasis added).  The requirement for a "prompt hearing" was added to Rule E(4)(f) in 1985 to address any possible due process concerns.  See Winter Storm Shipping, Ltd. v. TPI, 310 F.3d 263, 271-72 (2d Cir. 2002) (discussing historical development of maritime attachments and due process concerns).  The Advisory Committee notes for the Rule explains:

> Rule E(4)(f) makes available the type of prompt post-seizure hearing in proceedings under Supplemental Rules B and C that the Supreme Court has called for in a number of cases arising in other contexts.  See North Georgia Finishing, Inc. v. Di-Chem, Inc., 419 U.S. 601 (1975); Mitchell v. W.T. Grant Co., 416 U.S. 600 (1974).  Although post-attachment and post-arrest hearings always have been available on motion, an explicit statement emphasizing promptness and elaborating the procedure has been lacking in the Supplemental Rules.  Rule E(4)(f) is designed to satisfy the constitutional requirement of due process by guaranteeing to the shipowner a prompt post-seizure hearing at which he can attack the complaint, the arrest, the security demanded, or any other alleged deficiency in the proceedings.

Fed. R. Civ. P. Supp. R. E advisory committee's note (1985).

The sole authority relied upon by the Court in applying the prima facie standard to the Plaintiff's alter ego allegations was Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd., 460 F.3d 434, 436 (2d Cir. 2006).  The Second Circuit in Aqua Stoli set forth the circumstances in which a maritime attachment could be vacated, but it did not set forth the burden of proof required at the hearing to uphold or vacate an attachment.  See SPL Shipping Ltd. v. Gujarat Cheminex Ltd., No. 06-CV-15375, 2007 WL 831810, at *3 (S.D.N.Y. Mar. 15, 2007):

> The question presented here is: what does Plaintiff have to show in order to meet the requirements of Rule B?  That question, however, was not directly before the Aqua Stoli court. . . . Subsequently, lower courts in this District have taken the Aqua Stoli holding to mean that a plaintiff's burden at a Rule E(4)(f) hearing is to show only that it has a valid prima facie maritime claim against the defendant." (internal citations omitted).

4

Further, Aqua Stoli did not involve, let alone decide the burden a plaintiff bears at the Rule E(4)(f) hearing with respect to allegations that a defendant is an alter ego of another party.

Before Aqua Stoli, Judge Scheindlin had articulated the difference between the burden of proof required to obtain the attachment and the burden of proof at the "prompt hearing" required by due process. In Ullises Shipping Corp. v. FAL Shipping Co., 415 F. Supp. 2d 318, 325 (S.D.N.Y. 2006), overruled on other grounds by Aqua Stoli Shipping Ltd., 460 F.3d 434, Judge Scheindlin explained: "But although a minimal prima facie showing is sufficient to justify an attachment under Rule B, under Rule E(4)(f), [plaintiff] has the burden of presenting some evidence showing reasonable grounds for the attachment." Id. (emphasis added). Accord Wajilam Exports (Singapore) Pte. Ltd. v. ATL Shipping Ltd., 475 F. Supp. 2d 275, 278 (S.D.N.Y. 2006) (stating Aqua Stoli did not discuss whether "its holding had any impact on the 'reasonable grounds' inquiry as it relates to the 'valid prima facie claim' analysis"). The decision in Ullises is particularly instructive because, as here, it involved attachments based on alter ego theories, which Judge Scheindlin assessed using the reasonable grounds standard. See Ullises Shipping Corp., 415 F. Supp. 2d at 325-26. The court found that the plaintiff had presented sufficient evidence to uphold the attachment against only some of the defendants on an alter ego theory; reasonable grounds did not exist as against all defendants. See id.

Significantly, Aqua Stoli did nothing to change the distinct burdens of proof borne by the plaintiff, first to obtain the attachment and, second, to uphold the attachment at the hearing. Rather, Aqua Stoli set forth the conditions (but did not define the burden of proof) in which vacatur of a maritime attachment was proper:

> [O]nce a plaintiff has carried his burden to show that his attachment satisfies the requirements of Supplemental Rule B, a district court may vacate an attachment only upon circumstances not present in this case. Circumstances that may justify a vacatur

5

>  can occur where 1) the defendant is present in a convenient adjacent jurisdiction; 2) the defendant is present in the district where the plaintiff is located; or 3) the plaintiff has already obtained sufficient security for a judgment.

Aqua Stoli Shipping Ltd., 460 F.3d at 436.  In determining when to vacate an attachment, the Court of Appeals in Aqua Stoli also established the burden of proof required to obtain the attachment in the first instance (but again not at the Rule E(4)(f) hearing).  In discussing the requirements for a valid Rule B maritime attachment, the court stated that attachment should issue if "the plaintiff shows that 1) it has a valid prima facie admiralty claim against the defendant; 2) the defendant cannot be found within the district; 3) the defendant's property may be found within the district; and 4) there is no statutory or maritime law bar to the attachment."  Aqua Stoli Shipping Ltd., 460 F.3d at 445.  The court then stated the truism that if the plaintiff failed to meet its burden then it had failed to satisfy the requirements of Rule B and E.  See id. ("Conversely, a district court must vacate an attachment if the plaintiff fails to sustain his burden of showing that he has satisfied the requirements of Rules B and E.").

Respectfully, courts within this district have misconstrued the holding of Aqua Stoli and have (mistakenly Defendant submits) upheld attachments based upon a "prima facie" showing by the plaintiff at the Rule E(4)(f) hearing.  See, e.g., Dolco Inv., Ltd. v. Moonriver Dev., Ltd., 486 F. Supp. 2d 261, 266-69 (S.D.N.Y. 2007).  However, not all district court cases are in accord and even individual judges have been inconsistent.  See Wajilam Exports (Singapore) Pte. Ltd., 475 F. Supp. 2d at 278 ("The standard generally applied in a Rule E(4)(f) analysis is that the plaintiff must demonstrate that 'reasonable grounds' exist for the attachment.").  For instance, Judge McMahon surveyed the decisions in the district and concluded that the "weight of authority" is to apply the prima facie standard when considering the adequacy of a claim in a maritime vacatur motion.  See Wilhelmsen Premier Marine Fuels AS v. UBS Provedores Pty

6

Ltd., No. 07-CV-5798, 2007 WL 2872477, at *9 (S.D.N.Y. Oct. 1, 2007). However, less than a month earlier Judge McMahon vacated an attachment on the grounds that "a Rule B attachment on an alleged alter ego's property cannot be sustained in the absence of a showing of at least some specific facts demonstrating the type of corporate domination and control sufficient to pierce the corporate veil." Brave Bulk Transport Ltd. v. Spot on Shipping, Ltd., No. 07-CV-4546, 2007 WL 2734291, at *1 (S.D.N.Y. Sept. 17, 2007) (emphasis added).

Defendant submits that Judge Scheindlin's "reasonable grounds" standard is the correct burden of proof required at any Rule E(4) hearing. Alternatively, applying the prima facie standard leads to the unconstitutional taking of property and denial of a fair hearing because the defendant's evidence is not even considered by the court. See, e.g., Wilhelmsen Premier Marine Fuels AS, 2007 WL 2872477, at *9 ("Under this standard, the Court looks only to the Complaint to determine whether the plaintiff has alleged a valid admiralty claim against the defendant."); SPL Shipping Ltd., 2007 WL 831810, at *3 ("[T]he Court will determine the sufficiency of Plaintiff's Verified Complaint under the prima facie test, rather than the reasonable grounds test."). By examining only the "upon information and belief" averments of the Complaint, Defendant's contravening evidentiary proffers are rendered wholly meaningless particularly so with respect to the "upon information and belief" alter ego allegations. Because the arguments and evidence presented at the hearing would never be considered in determining whether to uphold the attachment, the hearing was tantamount to no hearing at all and was therefore a deprivation of due process.

As in Consub Delaware LLC, certification of the Court's Order is warranted in this case because all three elements of section 1292(b) are met. First, the issue — whether the Court

7

applied the proper standard to assess Plaintiff's <u>alter ego</u> allegations in upholding the maritime attachment — is a purely legal question that does not require any reference to the factual record.

Second, as discussed above there is substantial ground for a differences of opinion regarding whether the mere complaint is sufficient to uphold a maritime attachment against an alleged <u>alter ego</u>.  For example, within the past two months there have been conflicting decisions from courts in this district.  <u>Compare</u> <u>Brave Bulk Transp. Ltd.</u>, 2007 WL 2734291, at *1 (requiring "at least some specific facts demonstrating the type of corporate domination and control sufficient to pierce the corporate veil") <u>with</u> <u>Wilhelmsen Premier Marine Fuels AS</u>, 2007 WL 2872477, at *9 (stating the weight of authority in this district is to apply the <u>prima facie</u> standard and applying same).

Third, an immediate appeal from the Order should materially advance the ultimate termination of the litigation.  If Defendant prevails on the appeal, the Rule B attachment will be vacated and will result in a termination of the litigation, as the Court will lack <u>in personam</u> jurisdiction over defendant.    <u>See, e.g.</u>, <u>Consub Delaware LLC</u>, 476 F. Supp. 2d at 313-14; <u>Seamar Shipping Corp. v. Kremikovtzi Trade Ltd.</u>, 461 F. Supp. 2d 222, 226 (S.D.N.Y. 2006) (concluding that certification of order granting motion to vacate would materially advance the ultimate termination of the litigation).  Consequently, the Court's Order should be certified for immediate appeal, and defendant so prays.

## **CONCLUSION**

Based upon the foregoing reasons, Defendant Oceanic Bridge International Inc. respectfully requests that the Court exercise its discretion and certify its Order, dated October 12, 2007, for immediate appeal pursuant to 28 U.S.C § 1292.

Dated: New York, New York
November 19, 2007

        Respectively submitted,

        NICOLETTI HORNIG & SWEENEY
        *Attorneys for Defendant*
        *OCEANIC BRIDGE INTERNATIONAL INC.*

By:     s/ James F. Sweeney
        James F. Sweeney (JFS-7745)
        Wall Street Plaza
        88 Pine Street, 7th Floor
        New York, New York 10005-1801
        Telephone No.: (212) 220-3830
        Facsimile No.: (212) 220-3784
        E-mail: jsweeney@nicolettihornig.com
        (FILE NO.: 99000003 JFS)

TO:

Richard A. Zimmerman, Esq.
Suite 2202
233 Broadway
New York, New York 10279
Attorneys for Plaintiff

X:\Public Word Files\99\3\LEGAL\Motion for Certification -- MOL (Final- s.sa).doc

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK  )
                   ) ss.:
COUNTY OF NEW YORK)

SALMA ABDALLAH, being duly sworn, deposes and says:

1. I am employed by the firm of NICOLETTI HORNIG & SWEENEY, attorneys for Defendant OCEANIC BRIDGE INTERNATIONAL INC. I am not a party to this action, am over 18 years of age, and reside in Brooklyn, New York.

2. On November 19, 2007, I served the annexed DEFENDANT OCEANIC BRIDGE INTERNATIONAL INC.'S MEMORANDUM OF LAW IN SUPPORT OF CERTIFICATION upon the following:

> Richard A. Zimmerman, Esq.
> Suite 2202
> 233 Broadway
> New York, New York 10279
> Attorneys for Plaintiff

at the address(es) designated by said attorney(s) for that purpose, by depositing true copy(ies) of same enclosed in postpaid, properly addressed wrapper(s) in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

_____
SALMA ABDALLAH

Sworn to before me this
19th day of November, 2007

_____
Notary Public

MARY ANN RAARUP
Notary Public, State of New York
No. 01RA4874099
Qualified in Suffolk County
Certificate filed in New York County
Commission Expires Oct. 20, 20_10_