UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MED-ASIA SHIPPING LIMITED

        Plaintiff,

OCEANIC BRIDGE INTERNATIONAL,
INC., d/b/a OCEANIC BRIDGE INTL, INC.
DALIAN BRANCH, a/k/a DALIAN
OCEANICBRIDGE INTERNATIONAL
FORWARDING CO., LTD.,

        Defendants,
-----------------------------------------------------------x

ECF CASE

07 CIV 6258 (LTS) (AJP)


PLAINTIFF'S MEMORANDUM OF LAW IN
OPPOSITION TO DEFENDANT'S MOTION TO CERTIFY
AND IN SUPPORT OF PLAINTIFF'S
MOTION TO STAY THE ACTION AND COMPEL ARBITRATION


Law Offices of
Richard A. Zimmerman, Esq.
233 Broadway, Suite 2202
New York, New York 10279
(212) 962-1818

*Attorney for Plaintiff*
*Med-Asia Shipping Limited*

Patrick C. Crilley, Esq.
*Of Counsel*
*Direct Line: (212) 619-1919*

## PRELIMINARY STATEMENT

The Court should deny Defendant's motion to amend the Court's October 12, 2007 Order to certify and permit an interlocutory appeal therefrom because, *inter alia,* any such appeal fails to satisfy the third prong of 28 U.S.C. §1292(b), as a discretionary appeal will not materially advance the ultimate termination of the litigation. The "alter ego" issue was rendered moot by the permitted filing of the Amended Verified Complaint (Docket No. 20) alleging a direct claim against the Defendant as charterer, rather than merely as the "alter ego" of the charterer. Even if an appeal on the "alter ego" issue were successful, which we do not concede, the case would proceed on the issue of Defendant's liability as a direct charterer as alleged in the Amended Verified Complaint.

## FACTUAL BACKGROUND

Defendant's concise statement of the factual background in its Memorandum of Law in support of its motion is incorporated herein with the following additions and exceptions.

Defendant neglected to mention that in addition to Defendant's submission of sworn Declarations that no "alter ego" relationship existed, Plaintiff submitted at the Rule E(4)(f) hearing, and the Court considered, sworn Declarations supporting the existence of the "alter ego" relationship.

Plaintiff further takes exception to Defendant's assertion that the Court relied solely on the "prima facie" standard in denying defendant's motion to vacate the attachment and dismiss the action. Defendant ignores the totality of the Court's ruling as set forth in pages 12-13 of the transcript of the Rule E(4)(f) post-seizure hearing. Although articulating the "prima facie" standard set forth by the Court of Appeals for the Second Circuit in *Aqua Stoli Shipping Ltd. v.*

*Gardner Smith Pty Ltd.,* 460 F.3d 434, 436 (2d Cir. 2006), the Court clearly considered the evidence put forward by Plaintiff at the hearing in support of the allegations in the complaint. In its ruling on the Defendant's motion to vacate, the Court stated: "The plaintiff has also proffered additional evidence that if taken as true would further corroborate the relational allegations or at least aspects of the relational allegations that are made in the complaint. Therefore, the motion to vacate the attachment is denied." (Transcript Page 13, lines 14-18). In addition to its reliance on the Second Circuit's "prima facie" requirements, this statement makes it is obvious that the Court at least considered, and was not rejecting, the "reasonable grounds" standard articulated by Judge Scheindlin in the pre-*Aqua Stoli* decision *Ullises Shipping Corp. v. FAL Shipping Co.,* 415 F. Supp. 2d 318, 325 (S.D.N.Y. 2006) (overruled on other grounds by *Aqua Stoli*).

## LEGAL ARGUMENT

"The policy against piecemeal interlocutory review other than as provided for by statutorily authorized appeals is a strong one." *Pacific Union Conference of Seventh-Day Adventists v Marshall,* 434 U.S. 1305, 1309, 54 L. Ed. 2d 17, 22 (1977).

The statutory authority for an appeal of the interlocutory decision in the instant case lies at 28 U.S.C. §1292(b), which provides that

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

Accordingly a district judge, in considering certification of an interlocutory order for immediate appeal, looks for the three stated conditions:

> a) the order involves a controlling question of law;
> b) substantial ground for difference of opinion within the district;
> c) an immediate appeal from the order may materially advance the ultimate termination of the case.

Plaintiff does not concede that the Court's Order of October 12, 2007 involves a controlling question of law, or that there is substantial difference of opinion within the district on that question of law. In any case, we maintain that determination on appeal of Defendant's "discrete issue" wholly fails to satisfy the third prong of 28 U.S.C. §1292(b).

"Defendant seeks certification on the discrete issue of whether the Court's application of the "prima facie" standard to Plaintiff's "alter ego" allegations was a denial of due process." (Defendant's Brief page 3.) In its brief, Defendant submits that the Court should have applied a "reasonable grounds" standard to Plaintiff's "alter ego" allegations. (Defendant's Brief page 7.)

This "discrete issue" assumes that the Court's decision and the Order of October 12th, 2007, were based entirely on a "prima facie" standard. That is not what the Order states. The Order reads "for reasons further stated at the 10/12/07 hearing". As we noted above, the Court did not address only the "prima facie" standard at that hearing. Rather the Court also reviewed and discussed the evidence produced by the Plaintiff at the hearing in support of the "alter ego" allegations. Without expressly naming the alternative standard, the Court clearly analyzed and applied a "reasonable grounds" standard in addition to the "prima facie" standard. The Defendant has already received the type of analysis it would seek on remand from the Court of Appeals. 28 U.S.C. 1292(b) is not intended to merely provide a disgruntled litigant with an immediate second bite at the apple.

In any event, a discretionary appeal of the Court's October 12, 2007 will not satisfy the third requirement of 28 U.S.C. 1292(b), that an immediate appeal from the order may materially

3

advance the ultimate termination of the case. Although Plaintiff's original Verified Complaint relies upon "alter ego" allegations against Defendant, The Amended Verified Complaint (Docket No. 20), filed by leave of the Court, asserts direct claims against Defendant as a charterer, and not merely as an "alter ego". The allegations of the Amended Verified Complaint moot this entire "alter ego" issue. Any decision concerning application of a "prima facie" standard vs. a "reasonable grounds" standard for considering "alter ego" allegations in a Rule B attachment action will be merely advisory in nature, and have no effect on the proceedings in this case. The case will continue on the amended allegations.

The 2d Circuit has held that "the determination of mootness should be made, in the first instance, in the district court. A finding there that the case is moot would make our standing pronouncement merely advisory." *New York City Health & Hospitals Corp. v. Blum*, 678 F.2d 392, 397 (2d Cir. 1982). The 2d Circuit will not entertain mere advisory appeals. In *Oneida Indian Nation v. County of Oneida*, 622 F.2d 624, 628 (2d Cir. 1980), the Court held,

> "Inherent in the requirements of section 1292(b) is that the issue certified be ripe for judicial determination … (t)he purpose of section 1292(b) is not to offer advisory opinions rendered on hypotheses which (evaporate) in the light of full factual development." (Internal quotation marks and citations omitted.)

In *Kroch v. Texas Co.*, 167 F. Supp. 947, 949 (S.D.N.Y. 1958), considering the effect of just the availability of amending a complaint in a request for certification, the court held,

> Quite apart from whether there is substantial ground for difference of opinion on the questions presented by the motion to dismiss, it is plain that an interlocutory appeal from this order cannot materially advance the ultimate termination of this litigation. Even if I had granted the defendant's motion to dismiss, or if the Court of Appeals should disagree with me and grant the motion on such an appeal, the dismissal would not finally dispose of the action but the plaintiff would undoubtedly be permitted to serve an amended

complaint. The appeal would thus merely delay rather than advance the ultimate termination of the litigation.

Applying this same logic to the instant case, where an amended complaint has already been filed and answered, it is clear that certifying the Court's October 12, 2007 Order will serve no purpose but to "delay rather than advance the ultimate termination of this litigation."

## PLAINTIFF'S CROSS-MOTION TO STAY THE ACTION AND COMPEL DEFENDANT TO ARBITRATE

The Fixture Notes forming the basis of the agreements between the parties to this litigation call for arbitration in Hong Kong under English Law. The Amended Verified Complaint, in its prayer for relief, requests "That following any and all such attachments and garnishments, and upon the further request of Plaintiff, the Court stay further proceedings pending the issuance of an arbitration award, and retain jurisdiction for the purpose of entering judgment on the award against the property attached."

This Court has the authority to order the Defendant to arbitrate in Hong Kong under 9 USCS § 206, The Convention on the Recognition and Enforcement of Foreign Arbitral Awards, which reads as follows

> A court having jurisdiction under this chapter [9 USCS §§ 201 et seq.] may direct that arbitration be held in accordance with the agreement at any place therein provided for, whether that place is within or without the United States. Such court may also appoint arbitrators in accordance with the provisions of the agreement.

Plaintiff respectfully requests that the Court stay the instant proceedings and order Defendant to arbitrate the underlying contractual disputes in Hong Kong.

## **CONCLUSION**

Based upon the foregoing reasons, Plaintiff Med-Asia Shipping Limited respectfully requests that the Court

a) Deny Defendant's motion for certification for immediate appeal of the Court's Order of October 12, 2007 pursuant to 28 U.S.C. 1292(b); and

b) Stay the present action in this Court and issue its Order, pursuant to 9 U.S.C. §206, compelling Defendant to arbitrate the underlying claims in Hong Kong under English law as agreed to in the Fixture Notes.

Dated: New York, New York
      December 20, 2007

Respectfully Submitted,

Patrick C. Crilley (PC 9057)
Of Counsel to
Richard A. Zimmerman (RZ 0963)
Attorney for Plaintiff
233 Broadway – Suite 2202
New York, NY 10279
(212) 619-1919

To:    James F. Sweeney, Esq.
        NICOLETTI HORNIG & SWEENEY
        Attorneys for Defendants
        Wall Street Plaza
        88 Pine Street, Seventh Floor
        New York, NY 10005-1801