UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
MED-ASIA SHIPPING LIMITED

      Plaintiff,

07 CIV 6258 (LTS) (AJP)

OCEANIC BRIDGE INTERNATIONAL,
INC., d/b/a OCEANIC BRIDGE INTL, INC.
DALIAN BRANCH, a/k/a DALIAN
OCEANICBRIDGE INTERNATIONAL
FORWARDING CO., LTD.,

      Defendants.
-------------------------------------------------------x

## DEFENDANT OCEANIC BRIDGE INERNATIONAL, INC.'S REPLY MEMORANDUM OF LAW

      Respectfully submitted,

      NICOLETTI HORNIG & SWEENEY
      Attorneys for Defendant
      OCEANIC BRIDGE INTERNATIONAL, INC.
      Wall Street Plaza
      88 Pine Street, 7th Floor
      New York, New York  10005-1801
      Telephone No.: (212) 220-3830
      Facsimile No.: (212) 220-3784
      E-mail: jsweeney@nicolettihornig.com
      (FILE NO.: 99000003 JFS)

James F. Sweeney
William F. Fennell
  Of Counsel

## INTRODUCTION

Defendant Oceanic Bridge International, Inc. submits this Reply Memorandum of Law (1) in further support of its motion to certify brought pursuant to 28 U.S.C. § 1292(b) and in response to plaintiff's opposition thereto; and (2) in opposition to plaintiff's cross-motion to stay these proceedings and compel arbitration.

## POINT I

### THIS COURT SHOULD CERTIFY ITS OCTOBER 12, 2007 ORDER FOR INTERLOCUTORY REVIEW

At the outset, plaintiff's opposition misapprehends the very nature of defendant's motion. Contrary to plaintiff's argument, the alter ego issue is hardly "mooted" by plaintiff's *ex post facto* amendment of its Verified Complaint. Rather, and pursuant to the Court's October 12, 2007 Order, the defendant's funds were attached (and remain attached) upon mere allegations of *alter ego*. As such, the attachment is unfair, unwarranted and unconstitutional as it is a blatant "taking of property" without due process. Should this wrongful attachment be vacated (as the Second Circuit should do upon an interlocutory appeal) then plaintiff's entire amended case would evaporate: (1) as there would be no basis for jurisdiction over defendant (a point raised upon defendant's underlying motion); (2) because plaintiff's claim would be subject to *forum non conveniens* dismissal since the claim has absolutely nothing to do with New York; and (3) because there is not a shred of evidence to support plaintiff's bald claim that defendant Oceanic Bridge International, Inc. is a "direct charterer," much less an "alter ego." In sum, the amendment of the Verified Complaint did nothing to cure the grave injustice that was worked upon Oceanic Bridge International, Inc. by virtue of this unfounded *alter ego* attachment and by this Court's refusal to vacate same.

Accordingly, the October 12 Order upholding the *alter ego* attachment should be certified for immediate review, which would indeed "materially advance the ultimate termination of this litigation," plaintiff's argument notwithstanding.

The decision whether to grant such an interlocutory appeal from a district court order lies within the district court's discretion. *Swint v. Chambers County Comm'n,* 514 U.S. 35, 47, 115 S.Ct. 1203, 131 L.Ed.2d 60 (1995)("district courts [have] first line discretion to allow interlocutory appeals"); *In re Kassover*, 343 F.3d 91, 94 (2d Cir. 2003); *DM Rothman Co., Inc. v. Cohen Mktg. Int'l, Inc.*, No. 98 Civ. 7905, 2006 WL 2128064, at *1 (S.D.N.Y. July 27, 2006).

Plaintiff argues that an immediate appeal would not "materially advance the ultimate termination of the litigation." (Plaintiff's Mem. at 1). But plaintiff is wrong. "[A]n immediate appeal is considered to advance the ultimate termination of the litigation if that appeal promises to advance the time for trial or shorten the time required for trial."[1] Courts place particular emphasis on the importance of this factor.[2] *Consub Delaware LLC v. Schahin Engenharia Limitada*, 476 F.Supp.2d 305, 310 (S.D.N.Y. 2007)(Scheindlin, J)(certifying Rule B attachment for interlocutory review). Here, as in *Consub*, an immediate appeal would indisputably advance the ultimate termination of the litigation because "…if [defendant] prevails on appeal, the Rule B attachment will be vacated, which…will result in the termination of this litigation." *Id*. at 313-314.[3]

---

[1] *Transportation Workers Union of Am., Local 100, AFL-CIO v. New York City Transit Auth.*, 358 F.Supp.2d 347, 350 (S.D.N.Y. 2005)(quoting *In re Oxford Health Plans, Inc.*, 182 F.R.D. 51, 53 (S.D.N.Y. 1998)).

[2] *See Koehler v. Bank of Bermuda, Ltd.*, 101 F.3d 863, 865-66 (2d Cir. 1996)("The use of § 1292(b) is reserved for those cases where an intermediate appeal may avoid protracted litigation."); *Lerner v. Millenco, L.P.*, 23 F.Supp.2d 345, 347 (S.D.N.Y. 1998)("The Court of Appeals has emphasized the importance of the third consideration in determining the propriety of an interlocutory appeal.").

[3] Defendant also respectfully submits that this Court should defer any decision on the instant motion/cross-motion until such time as the Second Circuit has decided the certified appeal on the *Consub Delaware* case cited *supra*. (Court of Appeals Docket # 07-0833 CV). The Court of Appeals Docket indicates that this appeal may be heard

Plaintiff also points to the Court's October 12, 2007 statement that:

> The plaintiff has also proffered additional evidence that if taken as true would further corroborate the rational allegations or at least aspects of the relational allegations that are made in the complaint. Therefore, the motion to vacate the attachment is denied.

(Plaintiff's Mem. at 2). But this cited passage only reinforces defendant's argument that it was deprived of its property without a fair hearing: *i.e.*, only corroborative evidence tending to support the plaintiff's allegations was considered; contravening proofs (which at the very least joined the alter ego issue) submitted by this defendant were disregarded. In short, the defendant simply did not have its day in court. As such, and because the legal standard and analysis thereunder work to deprive defendant of constitutionally-guaranteed due process, this Court should, respectfully, certify the issue for immediate interlocutory appeal.

Plaintiff also incorrectly argues that this Court somehow implicitly adopted and applied a "reasonable grounds" standard to the alter ego issue. Defendant disagrees. First, the Court never spoke of, nor cited such a standard in ruling upon the alter ego issue. (See October 12, 2007 Hearing Transcript attached as Ex. A to Deft. Oceanic Bridge International Inc.'s Memorandum of Law). Thus, there is no basis for plaintiff's naked contention. Second, as to the motion to dismiss, the Court expressly did not "look beyond the pleadings," but simply accepted plaintiff's "information and belief" allegations as true. *Id*. at 3. Third, the Court, in reading its decision, expressly rejected anything but the *Aqua Stoli prima facie* standard: "…the requirement at this stage is satisfaction and articulation of the *prima facie* admiralty claim and the verified complaint is itself sufficient." *Id*. at 13. Accordingly, it is plain that this Court,

---

as early as the week of February 18, 2008. Should the Second Circuit Court of Appeals see fit to uphold the appeal, then the EFTs (electronic fund transfers) presently under attachment in the case at bar, will no longer be an attachable asset and the plaintiff's case here will evaporate.

neither implicitly nor explicitly, applied a "reasonable grounds" test to the alleged alter ego issue.

## POINT II

### OCEANIC BRIDGE INTERNATIONAL, INC. CANNOT BE COMPELLED TO ARBITRATE UNLESS AND UNTIL THERE IS A FINDING THAT IT IS AN ALTER EGO OF THE SIGNATORIES TO THE FIXTURE NOTES

In its cross-motion, plaintiff seeks to compel defendant Oceanic Bridge International, Inc. to arbitrate in Hong Kong and seeks a stay of the proceedings before this Court. However, Oceanic Bridge International, Inc. was and is not a signatory to the three Fixture Notes mentioned in the Amended Verified Complaint, pursuant to which plaintiff seeks to compel arbitration. Plaintiff nonetheless contends that defendant Oceanic Bridge International, Inc. is bound to arbitrate because its purported *alter egos* executed the Fixture Notes. Plaintiff further incorrectly asserts that the arbitrator (and not the Court) must decide whether the actual parties to the Fixture Notes were in fact *alter egos* of defendant Oceanic Bridge International, Inc. But contrary to plaintiff's contention, that *alter ego* issue is for the Court to decide. *See Local Union No. 38, Sheet Metal Workers' Int'l Ass'n', AFL-CIO v. Custom Air Sys., Inc.*, 357 F.3d 266, 268 (2d Cir. 2004) ("Whether [the non-signatory] is an alter ego determines arbitrability as to [the non-signatory] and arbitrability vis a vis a non-signatory is for the district court to decide."). *See, e.g., American Fuel Corp. v. Utah Energy Dev. Co.*, 122 F.3d 130, 133-34 (2d Cir. 1997) (reversing district court's ruling that non-signatory was *alter ego* of signatory to arbitration agreement).

Here, plaintiff has sued one defendant — "Oceanic Bridge International Inc.," alleging that it was "d/b/a" ("doing business as") "Oceanic Bridge International Inc. Dalian Branch a/k/a ("also know as") Dalian Oceanicbridge International Forwarding Co. ltd." Plaintiff has

5

alleged, but never proven, any *alter ego* relationship, an allegation which defendant stridently denies.

Plaintiff claims that it entered into the Fixture Notes with "Oceanic Bridge International Inc. – Dalian Branch" and "Oceanicbridge International Forwarding Co., Ltd." *See* Am. Compl. ¶¶ 16, 26, & 37.[4] Thus, plaintiff readily admits (as it must) that defendant Oceanic Bridge International, Inc. was and is not a signatory to the Fixture Notes. The Fixture Notes, according to plaintiff, require arbitration because they all contain a clause providing that: "General Average/Arbitration if any in Hong Kong, English law to be applied otherwise as per blank Gencon 1994 Charter Party . . . ." *See, e.g.*, Tang Decl. Ex. B.[5] Plaintiff seeks to compel arbitration against Oceanic Bridge International, Inc. notwithstanding the undisputed fact that it is not a signatory to the Fixture Notes.

A party must generally be a signatory to a contract containing an arbitration clause before a court may compel it to submit to arbitral jurisdiction. *See Thomson-CSF, S.A. v. American Arbitration Ass'n*, 64 F.3d 773, 780 (2d Cir. 1995) (noting there are "limited theories upon which this Court is willing to enforce an arbitration agreement against a nonsignatory"). A non-signatory, such as Oceanic Bridge International, Inc., "may not be bound to arbitrate except as dictated by some accepted theory under agency or contract law." *Id.*; *see also Merrill Lynch Inv. Managers v. Optibase, Ltd.*, 337 F.3d 125, 129 (2d Cir. 2003). The Second Circuit has recognized that "piercing the corporate veil between a signatory and nonsignatory party may bind the nonsignatory party to an arbitration agreement of its alter ego." *American Fuel Corp.*, 122 F.3d at 133. However, a court should be wary of imposing a contractual obligation to arbitrate on a non-contracting party such as Oceanic Bridge International, Inc. *See*

---

[4] Docket No. 20.
[5] Docket No. 13-2.

*Smith/Enron Cogeneration Ltd. P'ship v. Smith Cogeneration Int'l., Inc.*, 198 F.3d 88, 97 (2d Cir. 1999).

Whether an entity is a party to an arbitration agreement is included in the broader issue of whether the parties have agreed to arbitrate, which a court must first decide. *See Smith/Enron Cogeneration Ltd. P'ship*, 198 F.3d at 95; *Local Union No. 38, Sheet Metal Workers' Int'l Ass'n, AFL-CIO*, 357 F.3d at 268. Therefore, this Court must first decide whether Oceanic Bridge International, Inc. is an *alter ego* of a signatory to the arbitration agreement and may be compelled to arbitrate. *See, e.g.*, *American Fuel Corp.*, 122 F.3d at 133-34; *Merrill Lynch Inv. Managers*, 337 F.3d at 131-32 (finding that party seeking to arbitrate failed to adduce facts that would support any of the recognized theories upon which non-signatory could be forced to arbitrate). The determination whether to pierce the corporate veil is "fact specific" and differs "with the circumstances of each case." *Thomson-CSF, S.A.*, 64 F.3d at 777. Consequently, plaintiff's improper request to have the arbitrator decide whether Oceanic Bridge International, Inc. is an *alter ego* such that it can be compelled to arbitrate in the first instance places the cart before the horse. This Court, and not the arbitrators, must determine any issues pertaining to veil-piercing. Moreover, plaintiff has not proffered legally sufficient evidence to support its naked allegation that Oceanic Bridge International, Inc. is, as a matter of law, an *alter ego*. Accordingly, the Court should deny plaintiff's cross-motion and should conduct discovery and briefing and a hearing on this matter.

## CONCLUSION

Based upon the foregoing reasons, Defendant Oceanic Bridge International, Inc. respectfully requests that the Court exercise its discretion and certify its Order, dated October 12, 2007, for immediate appeal pursuant to 28 U.S.C § 1292. Defendant further

requests that the Court deny plaintiff's cross-motion (Docket No. 32) to compel Oceanic Bridge International, Inc. to arbitrate.

Dated: New York, New York
       January 9, 2008

                              Respectfully submitted,

                              NICOLETTI HORNIG & SWEENEY
                              Attorneys for Defendant
                              OCEANIC BRIDGE INTERNATIONAL INC.


                       By: _____/s/_____
                              James F. Sweeney (JFS-7745)
                              Wall Street Plaza
                              88 Pine Street, 7th Floor
                              New York, New York  10005-1801
                              Telephone No.: (212) 220-3830
                              Facsimile No.: (212) 220-3784
                              E-mail: jsweeney@nicolettihornig.com
                              (FILE NO.: 99000003 JFS)

TO:

Richard A. Zimmerman, Esq.
Attorneys for Plaintiff
Suite 2202
233 Broadway
New York, New York 10279

<u>Attention</u>:    Patrick C. Crilley, Esq.

X:\Public Word Files\99\3\LEGAL\Ocean Reply MOL Re Certification (1-9-08) mar.sa.doc

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK  )
                   ) ss.:
COUNTY OF NEW YORK )

SALMA ABDALLAH, being duly sworn, deposes and says:

1. I am employed by the firm of NICOLETTI HORNIG & SWEENEY, attorneys for Defendant OCEANIC BRIDGE INTERNATIONAL INC. I am not a party to this action, am over 18 years of age, and reside in Brooklyn, New York.

2. On January 9, 2008, I served the annexed DEFENDANT OCEANIC BRIDGE INTERNATIONAL, INC.'S REPLY MEMORANDUM OF LAW upon the following:

> Richard A. Zimmerman, Esq.
> Suite 2202
> 233 Broadway
> New York, New York 10279
> Attorneys for Plaintiff

at the address(es) designated by said attorney(s) for that purpose, by depositing true copy(ies) of same enclosed in postpaid, properly addressed wrapper(s) in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

_____
SALMA ABDALLAH

Sworn to before me this
9th day of January, 2008

_____
Notary Public

MARY ANN RAARUP
Notary Public, State of New York
No. 01RA4874099
Qualified in Suffolk County
Certificate filed in New York County
Commission Expires Oct. 20, 20_10_