UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
MED-ASIA SHIPPING LIMITED

        Plaintiff,

OCEANIC BRIDGE INTERNATIONAL,
INC., d/b/a OCEANIC BRIDGE INTL, INC.
DALIAN BRANCH, a/k/a DALIAN
OCEANICBRIDGE INTERNATIONAL
FORWARDING CO., LTD.,

        Defendants,
------------------------------------------------------x

ECF CASE

07 CIV 6258 (LTS) (AJP)


PLAINTIFF'S REPLY MEMORANDUM OF LAW IN
IN SUPPORT OF PLAINTIFF'S CROSS MOTION
TO STAY THE ACTION AND COMPEL ARBITRATION


Law Offices of
Richard A. Zimmerman, Esq.
233 Broadway, Suite 2202
New York, New York 10279
(212) 962-1818

*Attorney for Plaintiff*
*Med-Asia Shipping Limited*

Patrick C. Crilley, Esq.
*Of Counsel*
*Direct Line: (212) 619-1919*

## PRELIMINARY STATEMENT

Plaintiff Med-Asia Shipping Limited ("Med-Asia") submits this Reply Memorandum of Law in further support of its cross motion to stay proceedings and compel arbitration. While noting that Defendant, protesting vehemently of lack of due process, has consistently ignored the Second Circuit's due process analysis in *Winter Storm Shipping v. Tpi,* 310 F.3d 263, 2002 U.S. App. LEXIS 23141 (2d Cir 2002), Plaintiff will, nevertheless, confine its argument here to the arbitration issue.

## POINT I

### THIS COURT CAN COMPEL PARTIES TO A CONTRACT CONTAINING AN ARBITRATION AGREEMENT TO PROCEED TO ARBITRATION

Defendant misconstrues Plaintiff's cross-motion as one seeking to compel an *alter-ego* to arbitrate under an agreement executed by its affiliated company. That is not the nature of Plaintiff's position at all.

The Amended Complaint seeks damages from Defendant directly as the party that entered into the contract with Plaintiff.[1]  As a party to the contract in question, which contains the undisputed arbitration clause, this Court is clearly empowered by 9 USCS § 206, The Convention on the Recognition and Enforcement of Foreign Arbitral Awards, to compel Oceanic Bridge International Inc. to arbitrate disputes arising out of the contract.   Defendant's

---

[1] Defendant, in its Reply Memorandum on certification for appeal, similarly misses the point that the Amended Complaint now asserts a direct action against Oceanic Bridge International Inc. as a party to the Fixture Notes and not merely as an "alter-ego".  By its own submissions Defendant has admitted that there is no such company as "Oceanic Bridge International Inc., Dalian Branch." It is clear that the Fixture Note was thus between Plaintiff and Oceanic Bridge International Inc., the same company that provided its corporate documents when asked the simple question "Who are you?" It is clear that the Amended Complaint moots the "alter ego" issue of this application for certification for appeal of an interlocutory order.

1

citations to decisions involving non-signatories as *alter egos*, are an attack on the straw man created by Defendant but have no connection with this case.

## POINT II

## OCEANIC BRIDGE INTERNATIONAL INC. SHOULD BE COMPELLED TO ARBITRATE IN HONG KONG

As noted in the motion papers submitted on the underlying motion to vacate, prior to concluding the first fixture, Plaintiff Med-Asia asked for information on the identity of the charterers with whom it was not familiar. (Klappstein Decl. ¶8.)[2]  On December 22, 2006, Mr. Lin of Dalian Oceanic advised Med-Asia, "Our headoffice is in Los Angeles, USA. Have branch offices in most port of China." (Klappstein Decl. ¶10, Exhibit "B" annexed to Klappstein Decl.) Attached to that email, Mr. Lin provided copies of Oceanic Bridges' USA company registration. (Klappstein Decl. ¶10 and Exhibit "B" to same.)

In its submissions on the underlying motion to vacate, Defendant submitted its Exhibit B to the October 3, 2007 Declaration of Edward Lin, wherein Defendant admitted that "Oceanic Bridge International Inc. – Dalian Branch is [sic] not exist."[3]

The preponderance of the evidence adduced to date, demonstrates that the first fixture of the vessel "ELENI K" was a fixture to Oceanic Bridge International Inc., the same company that

---

[2] Reference to the "Klappstein Decl." are references to the Declaration of Jan Klappstein, General Manager of Nepa Shipping Agency (HK) Ltd., the exclusive agent for Plaintiff Med-Asia, declared on September 17, 2007, which was submitted in opposition to the underlying motion to vacate.

[3] At oral argument, the Court noted that this very same communication, denying the existence of any company named "Oceanic Bridge International Inc. – Dalian Branch" was [electronically] signed "Edward, Oceanic Bridge International Inc. DALIAN Branch." The Court's reference to this discrepancy in Defendant's submission belies the naked assertion of Defendant that the Court did not consider the arguments and evidence presented at the hearing in determining to uphold the attachment (Defendant's Certification Memorandum at page 7.)

2

produced its California corporate documentation in response to Plaintiff's requests to know the identity of the company with which it was contracting.

In its Reply Memorandum (page 7) Defendant asserts that "[T]his Court must first decide whether Oceanic Bridge International, Inc. is an *alter ego* of a signatory to the arbitration and may be compelled to arbitrate." That is wrong. The Court, based on the pleadings, amended pleadings and the evidence before it, can easily decide that the first fixture for the vessel "ELENI K" was in fact a direct contract of Oceanic Bridge International Inc. and thus compel that defendant to arbitrate in accordance with the arbitration agreement in that contract.

A similar decision was recently reached in *Rhonda Ship Management Inc., v. Doha Asian Games Organising Committee a/k/a DAGOCI*, 511 F. Supp. 2d 399, 404; 2007 U.S. Dist. LEXIS 72694 at 9-10 (SDNY Sep. 20, 2007), wherein the court stated

> Here, DAGOC contends that it never executed the charter parties that DAGOC is alleged to have breached, so no enforceable contract exists between Ronda and DAGOC. To the extent that DAGOC challenges the substance of Ronda Ship's claim, its arguments go to the ultimate merits of the claims, which are more properly the subject of the pending litigation in London. See World Reach, 2006 U.S. Dist. LEXIS 83224, 2006 WL 3316828, at *2 (refusing to evaluate the merits of plaintiff's claims when evaluating whether plaintiff has established a prima facie admiralty claim because the merits were more properly the subject of the underlying arbitration).

Contrary to Defendant's assertions, this Court does need to determine any issues pertaining to *alter ego* or veil-piercing. Oceanic Bridge International Inc., as a direct party to the first Fixture Note for the M/V ELENI K, should be held to the arbitration agreement contained therein and compelled to arbitrate in Hong Kong.

3

## CONCLUSION

Based upon the foregoing reasons, and all the submissions heretofore presented in this proceeding, Plaintiff Med-Asia Shipping Limited respectfully requests that the Court

a) Deny Defendant's motion for certification for immediate appeal of the Court's Order of October 12, 2007 pursuant to 28 U.S.C. 1292(b); and

b) Stay the present action in this Court and issue its Order, pursuant to 9 U.S.C. §206, compelling Defendant to arbitrate the underlying claims in Hong Kong under English law as agreed to in the Fixture Notes.

Dated: New York, New York
January 16, 2008

Respectfully Submitted,

*[signature]*

Patrick C. Crilley (PC 9057)
Of Counsel to
Richard A. Zimmerman (RZ 0963)
Attorney for Plaintiff
233 Broadway – Suite 2202
New York, NY 10279
(212) 619-1919

To: James F. Sweeney, Esq.
NICOLETTI HORNIG & SWEENEY
Attorneys for Defendants
Wall Street Plaza
88 Pine Street, Seventh Floor
New York, NY 10005-1801