USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JAN 3 0 2008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

MED-ASIA SHIPPING LTD.,

Plaintiff,

-v-

No. 07 Civ. 6258 (LTS)(AJP)

OCEANIC BRIDGE INTERNATIONAL, INC. d/b/a OCEANIC BRIDGE INT'L INC. DALIAN BRANCH, a/k/a DALIAN OCEANICBRIDGE INTERNATIONAL FORWARDING CO., LTD.,

Defendants.

-------------------------------------------------------x

**ORDER**

Defendant Oceanic Bridge International, Inc. ("OB") seeks certification, pursuant to 28 U.S.C. § 1292(b), of an interlocutory appeal of this Court's October 12, 2007, Order denying OB's motion to vacate a maritime attachment levied in connection with the above-captioned case.

Although the general rule in federal courts is that appeals to the Circuit level lie only from final decisions of district courts,[1] Title 28 of the United States Code grants the Courts of Appeals jurisdiction of certain interlocutory appeals, including such appeals

> [w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . .

28 U.S.C.A. § 1292(b) (West 1993). Upon such certification, the court of appeals has discretion to permit an appeal to be taken from the order. Id. "Interlocutory appeals under [this section] are an

[1] 28 U.S.C.A. § 1291 (West 1993).

exception to the general policy against piecemeal appellate review embodied in the final judgment rule, and only 'exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" Martens v. Smith Barney, Inc., 238 F. Supp. 2d 596, 599 (S.D.N.Y. 2002) (second alteration in original) (citing Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978); Flor v. BOT Fin. Corp., 79 F.3d 281, 284 (2d Cir. 1996) (per curiam) (collecting cases)). District courts are urged to "exercise great care in making a § 1292(b) certification." Westwood Pharms., Inc. v. Nat'l Fuel Gas Distribution Corp., 964 F.2d 85, 89 (2d Cir. 1992).

The Court has considered thoroughly all of the parties' submissions. Because the Court does not find that certification would materially advance the ultimate termination of this litigation, the Court need not address the "substantial grounds for difference of opinion" prong of the statutory standard, and OB's motion is denied.

Under Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Rule B"), a plaintiff may seek and obtain an ex parte order for an attachment of a party's assets. However, Rule E(4)(f) provides that a party whose assets have been attached pursuant to Rule B is "entitled to a prompt hearing at which the plaintiff shall be required to show why the arrest or attachment should not be vacated or other relief granted consistent with these rules." Such a hearing was held in connection with the above-captioned case on October 12, 2007, after which the Order OB seeks to appeal was issued.

The issue on which OB seeks to appeal concerns the legal standard that the Court applied in analyzing whether Plaintiff made its required showing under Rule E(4)(f). OB argues that this Court erroneously applied the requirement that Plaintiff merely make a "prima facie" showing based solely on the allegations of Plaintiff's complaint, while other courts have required plaintiffs to

make an evidentiary showing that "reasonable grounds" exist for the attachment.

The Court does not find that a resolution of this legal question would materially advance the ultimate termination of this litigation. The parties had ample opportunity to, and did, proffer and counter-proffer evidence in connection with the Rule E(4)(f) hearing, and the Court thoroughly considered these evidentiary submissions, even though it found the allegations of the complaint sufficient to deny vacatur. See Oral Tr. at 13 ("The plaintiff has also proffered additional evidence that if taken as true would further corroborate the relational allegations or at least aspects of the relational allegations that are made in the complaint"). These additional proffers certainly furnished reasonable grounds for Plaintiff's allegations concerning OB's liability. Therefore, even if the Second Circuit were to hold that a preliminary review of the evidence was required at a Rule E(4)(f) hearing, the outcome in this case would not be different and would only result in procedural delay as the appeal was being processed.

Because certification would not materially advance the ultimate termination of this litigation, OB's motion is denied. The Clerk of Court is respectfully requested to terminate Docket Entries Nos. 26 and 28. Plaintiff's motion to compel arbitration (Docket Entry No. 32) remains under advisement.

SO ORDERED.

Dated:   New York, New York
         January 30, 2008

LAURA TAYLOR SWAIN
United States District Judge